## McKEE, Appellant, v. STUCKEY.

**Division One, May 25, 1904.**

1. **HOMESTEAD: In Lieu of Dower.** Under the statute the widow has the right to the use and occupation of the homestead during life or widowhood, and where a will gives her an absolute life estate in the homestead it must be held, under the statute, to be in lieu of dower.

2. **DOWER IN OTHER LAND: Proceeds of Sale.** The will bequeathed to testator's widow, in addition to an absolute life estate in his homestead property, $1,000 to be paid out of his personal estate, but as if apprehensive that there might not be personalty sufficient to pay it, in another clause the executors were directed to sell another eighty acres of land and deliver the proceeds to his adult children "after first paying the one thousand dollar legacy to my wife as hereinabove named." The land was sold, and the executor paid the $1,000 to the widow, and the balance to the named devisees. *Held,* the widow is not entitled to dower in that land. She can not receive the proceeds of the sale made under a power given, in part at least, for her benefit, and then take back from the purchaser the property sold.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*E. C. Hall* for appellant.

(1) The widow is entitled to the dower in the eighty acres of land, unless: First, the devise of the homestead requires her to renounce the will and make her election; second, the direction in the will for the executor to sell the said eighty acres of land, and that the $1,000 legacy shall first be paid to the widow before the division of the proceeds among the heirs, amounts to an estoppel *in pais* against the widow. (2) The first proposition is settled by the Supreme Court, in the case of Kaes v. Gross, 92

Mo. 659. Although the section referred to in that opinion has been so amended that the express exception of the homestead out of the law of devises has been omitted from the law, still the same act which thus eliminates that provision, amends another section of the homestead law in a way which takes it from the power of the husband to alienate the homestead in any manner. This act is found in the Laws of 1895, page 185, being section 3616, Revised Statutes 1899, and the part referred to is as follows: ''The husband shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared void.'' (3) As to the second proposition, it seems that the case of Martien v. Norris, 91 Mo. 465, in many respects settles it. Hall v. Smith, 103 Mo. 289; Schorr v. Etling, 124 Mo. 45. (4) Estoppel *in pais* being based upon misrepresentation or concealment of the party charged to be estopped, there can be no estoppel in this case, of that kind, at least. Blodgett v. Perry, 97 Mo. 263; Grabill v. Bearden, 62 Mo. App. 460; 2 Am. and Eng. Ency. of Law (2 Ed.), p. 424; 2 Woerner on Administration, sec. 342, p. 726.

*Sandusky & Sandusky* for respondent.

(1) Appellant, after receiving the $1,000 legacy and real estate, under the will, can not also claim dower. R. S. 1899, secs. 2948-9; Davidson v. Davis, 86 Mo. 440; Burgess v. Bowles, 99 Mo. 543; Ball v. Ball, 165 Mo. 312. (2) It is not true that the will merely gave appellant the same title and interest in the house and lot in Lathrop that the homestead law gave her. The will gave her a life estate in said lot, free from any conditions or restrictions of any kind. The homestead law gave her said lot ''during her life or widowhood.'' R. S. 1899, sec. 3620.

VALLIANT, J.—Plaintiff, as the widow of William W. McKee, sues to have her dower set off to her in certain land of which her husband died seized in fee. There were no children of her marriage, but her husband left children of a former marriage who were adults and did not live with them.

The plaintiff's husband owned a house and lot, not exceeding two acres, of the value of $500, in the town of Lathrop, which was his homestead. Lathrop is a town of 1,400 inhabitants. He also owned eighty acres of land in Clinton county. He left a will by which he bequeathed to his wife $1,000, to be paid out of his personal estate, and devised to her the homestead in Lathrop for and during her natural life. The remainder in the homestead he devised to certain of his children. The eighty acres he devised to certain of his children, but empowered the executors to sell it: ''and deliver the proceeds to the heirs as above named, after first paying the one thousand dollar legacy to my wife as hereinabove named.'' The eighty acres were under a mortgage for $648, which had been executed by the plaintiff's husband before his marriage with her. The executor sold the land to the defendant for $3,000 in cash, subject to the mortgage, which the defendant has since paid. Out of the proceeds of the sale the executor paid to the plaintiff the $1,000 legacy, and paid the rest to the devisees. It does not appear from the record that there was any personal property out of which the legacy could have been paid.

The testator died March 3, 1898, the will was probated March 8, 1898, the land was sold by the executor to the defendant April 20, 1899. This suit was brought to the January term, 1900, of the Clinton circuit court. The widow has occupied the homestead continuously since the death of her husband. She has never renounced the will.

Vol 181 mo—46

The object of this suit is to obtain dower in the eighty acres.

On the above agreed facts the plaintiff asked the court to declare that if the Lathrop property was the homestead of her husband, no real estate passed by the will to her; that the homestead was hers by operation of law beyond the power of the husband to dispose of it by will or otherwise; and that the $1,000 bequest not being expressed to be in lieu of dower, she was not put to the election of choosing it or her dower but was entitled to both. The court refused the declarations, and rendered judgment for the defendant, from which the plaintiff appeals.

Revised Statutes 1899, sec. 2948, declares: "If any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized, or in which he had an interest at the time of his death, unless the testator, by his will, otherwise declared."

But under section 2949 the widow may renounce the provision of the will within twelve months after its probate and take her dower instead of the devise.

Section 3620 provides that when the head of the family dies leaving a widow and minor children the homestead shall pass to them, "the children shall have the joint right of occupation with the widow until they shall arrive respectively at their majority and the widow shall have the right to occupy such homestead during her life or widowhood, and upon her death or re-marriage it shall pass to the heirs of her husband."

Under the homestead statute the widow had the right to the use and occupation of the homestead during her life and widowhood, but on her re-marriage her interest in it would cease. Under the will she has a life estate in it even if she should marry again. The statute gave her a determinable life estate. The will gave her an absolute life estate. She had her election and

chose to take what the will gave her and she is bound by her choice.

But the plaintiff has also had her full share of the eighty acres in question.

The thousand dollar legacy was, according to the first mention of it in the will, to be paid out of the testator's personal estate, but in the last clause of the will, as if apprehensive that there might not be personalty sufficient to pay it, the testator authorized the executors to sell this land and pay his widow the $1,000 out of the proceeds before paying any part of it to his children to whom he had devised it. The power of sale was given to the executors primarily for the widow's benefit and she has received the full benefit of the exercise of that power. The sale was not made to the defendant subject to the widow's dower, but absolute except as to the mortgage which he was required to pay and has since paid. The widow can not receive the proceeds of the sale made under a power given, in part at least, for her benefit, and then take back from the purchaser the property sold. That would not be fair dealing and the law would not countenance it.

The learned trial court took the correct view of this case.

The judgment is affirmed.

All concur, except *Robinson, J.,* absent.